## BARKER *vs.* JONES.

Where a party gave a written promise to pay a certain sum in one year, for a clock, or interest on the sum, and the clock uninjured ; and the writing purported to have been made at the town where the promissor resided, the promissee living in another state ; *held* that the place of performance was the house of the promissor ; that he had an election to pay the money, or deliver the clock and pay the interest, and that no action could be sustained until after a demand, or evidence that the promissee was ready to receive performance at the place, or that the defendant was unable to perform the contract.

ASSUMPSIT upon a written contract, in the following words, viz.

Amherst, Oct. 26, 1830.
I promise to M. H. BARKER, the sum of $16 in one year from date, for a wood clock, or interest on the same and the clock uninjured.
T. JONES.

It was admitted, on the trial, that the defendant signed the contract ; and it was agreed that at the time when it

was made the plaintiff resided in Lexington, Massachusetts, from which place he afterwards removed to the state of Connecticut, and that the defendant has always resided in this state.

It did not appear that the plaintiff had demanded the money or the clock ; and for this cause the court directed a verdict to be taken for the defendant, subject to the opinion of this court upon the foregoing case.

*A. F. & G. Y. Sawyer*, for the plaintiff.   The residence of the plaintiff, or defendant, is immaterial as to the question whether a demand should be made.   It may have some effect in determining the place of performance.

The effect of the contract is to give liberty to the defendant to rescind the contract for the payment of the money, by re-delivering the clock and paying the interest, or having them ready at the time and place.   It is immaterial whether the plaintiff was there or not, or whether a demand was made or not.    A demand before the year expired, or after, would not avail.

If the place of performance was at the defendant's dwelling house in Amherst, and the defendant was ready to deliver the clock there, that is matter of defence.    10 *Mass.* 238, *Lent* vs. *Padelford ;* 3 *Day* 327, *Townsend* vs. *Wells.*

*Newton*, for the defendant.    This is an alternative contract, and not a contract to pay money, with a right to rescind by the delivery of the clock.    As the obligor was bound to perform but one, he had an election.    He cannot, therefore, be liable until an opportunity is given him to make an election.

The plaintiff should have made a demand, at the time and place designated in the contract, or pointed out by the collateral circumstances.

No place of performance being expressed, the contract was to be performed at the residence of the obligor.

It was no doubt the understanding of the parties, at the time of the contract, that the obligee, at the expiration of the year, should call at the obligor's dwelling house, and receive the clock, or the sixteen dollars, whichever the obligor should elect to deliver at the time; and it is one of the most reasonable maxims of the law, as well as one most incontestibly settled by judicial decisions, that every obligation is to be fulfilled according to the intention of the parties to it.

He cited *Livingston's Digest of the Civil Law* 272, 274, 276, 288, 355, 414; 1 *Chitty's Pl.* 327; 1 *N. H. Rep.* 327, *Weld* vs. *Hadley;* 4 *Mass. Rep.* 474, *Robins* vs. *Luce;* 8 *Johns.* 474, *Slingerland* vs. *Morse;* 13 *Johns.* 56, *Wilt & a.* vs. *Ogden;* 4 *N. H. Rep.* 40, *Robinson* vs. *Batchelder;* *Co. Litt.* 207; 9 *Co.* 79, *Peytoe's case;* 5 *Cowen* 516, *Lobdell* vs. *Hopkins; Chambers* vs. *Winn, Prin. Dec. Kentucky* 192; 2 *Bibb's Kentucky Rep.* 280; 5 *Johns. Rep.* 119, *Newton* vs. *Galbraith;* 2 *Peters's S. C. Rep.* 549; 5 *D. & E.* 409; *Sir W. Jones* 56; 1 *East* 204; *Com. Dig., Pleader, C.* 69; *Chitty's Pl.* 323; 2 *Brod. & Bing.* 165, *Rowe* vs. *Young;* 17 *Mass. Rep.* 389, *Carley* vs. *Vance;* 3 *Taunt.* 397; 5 *Taunt.* 344; 2 *Taunt.* 61; 5 *N. H. Rep.* 381, *Rowell* vs. *Bruce.*

PARKER, J. The first question is, what was the place of the performance of this contract? This is indicated by the place where it purports to have been made, and by the facts showing the residence of the parties. The contract was made at Amherst, where the defendant resided, the plaintiff living at the time in Massachusetts, and afterwards in Connecticut. It could not have been in the contemplation of either of them, that the defendant was to deliver the clock in a different place from that in which he received it, and in a different government. It was not, then, to be performed at the residence of the plaintiff. Nor could it have been intended that the defendant should carry the clock

about with him, to deliver at such place as he might happen to meet the plaintiff. The defendant was bound to perform at his own house. It must have been so understood.

The contract is not, as it has been argued, a contract to pay sixteen dollars, with liberty to the defendant to rescind it, and deliver the clock and pay the interest, but it is in the alternative. He has his election by the very terms of the contract.

It is incumbent on the plaintiff to show a breach of the contract ; and this being its character, has the plaintiff offered any evidence of a breach of it? He has shown that he still holds the writing, and that is all. The defendant was not bound to seek him. All that he was bound to do was to hold himself ready to make his election, and perform at his own house. The plaintiff has not shown that the defendant was not so ready. He has shown no refusal, no neglect, no inability on the part of the defendant, to perform. He has not proved any readiness on his own part to receive the money, or the clock, at the place of the performance ; but without this readiness the defendant was not bound to do any thing. The defendant might well wait the plaintiff's demand ; and the plaintiff not having shown that he made a demand, or that the defendant was unable to comply with it had he done so, has shown no breach of the contract. It may be presumed that the defendant was ready at his house to comply with the terms of his contract, until there is some evidence to the contrary.

*Judgment for the defendant.*